J ohnston, Ch.
I am by no means sure that, in my habitual cautiousness not to assume a doubtful jurisdiction for this Court, I did not express myself too strongly against the plaintiff’s case, upon some of the grounds taken by his counsel. Certainly there are cases in which, from the very complexity of the accounts to be examined, Courts of Law are incapable of doing competent justice. The case of White vs. Williams, (8 Yes. 193,) was upon a bill by an heir and devisee of his father, against trustees under a conveyance of estates by the father; in which the plaintiff prayed an account of the administration of the trusts, and claimed a re-conveyance upon its appearing that they were fully satisfied. Now, suppose that in such a case, instead of having an equitable right to a re-conveyance, the plaintiff had had a purely legal right, depend-ant upon the administration of the trustees, is it not manifest that a Court of Law could not have entered into the enquiry necessary to determine whether that right had, or had not occurred 1
In O’Connor vs. Speight, (1 Sch. & Lef. 305,) the defendant had, in 1780, demised certain premises to the plaintiff for three lives, at 20 shillings an acre, for every acre the premises might contain. The plaintiff entered, although the number of acres was not ascertained; and for sixteen years, was m the *199 Constant habit of accepting the defendant’s bills, paying money to' his order, selling him goods on credit, and supplying him and his family with money; but, no regular payment of rent, eo nomine, appeared to have been made; nor had the defendant given him any receipts in full for precise gales, (an Irish expression for stated payments.) The defendant having brought ejectment for non-payment of rent, the plaintiff filed his bill for an account, on the foot of the dealings between them, and that a balance claimed by him, after deducting the rent, might be allowed him; and praying an injunction against the ejectment. The Lord Chancellor, Ridesdale, maintained the jurisdiction, upon the ground that, although the mutual demands were legal, the account was complicated; and that a Court of Law was incompetent to examine it, at nisi prim, with the accuracy necessary to determine whether a balance was due the plaintiff.
I do not quote this case with a view to put the one before us upon the ground of complicated accounts, in which the Court has a discretion to act, (13 Ves. 278 ;) but to exclude the conclusion that, in a case clearly of that kind, I would hesitate to exercise the jurisdiction of this Court. It was the less necessary to look into the character of the accounts in this case, because, as I conceived, there was another ground upon which the jurisdiction might be confidently rested; and I still retain that opinion.
Professor Story, in his Commentary on Equity Jurisprudence, (1 Story, chap. 4, p. 93,) tracing the concurrent jurisdiction of this Court, assigns, as one of its sources, the inability of Courts of Law, in some instances, to give perfect relief y which occurs, says he, “in all cases, when a simple judgment for the plaintiff or for the defendant does not meet the full merits and exigencies of the case, but a variety of adjustments, limitations and cross claims are to be introduced and finally acted on, and a decree, meeting all the circumstances *200 of the particular case between the very parties, is indispensable to complete distributive justice.”
The plaintiffs case comes, I think, clearly within this principle.
Admitting that he might have sued at Law upon his side of the account, would that have given him “adequate relief,” in the case he has stated ? The defendants might have kept suspended over him an indefinite liability for his administration of the trust they had committed to him. Complete justice entitled him to the balance, if any, which was due him, clear of all further accountability. As the defendants might have called him to account here, as their trustee, I think that, even if he claimed no balance, he had a right to call them in to render his account to them, and to be discharged. I think it not doubtful that between trustee and cestuyque trust, the right is mutual; that wherever, for instance, an executor or other trustee may be called to account, he has a right to come forward and terminate his responsibility by rendering his account and having it allowed. And if this be so, much more is the trustee entitled to the jurisdiction, to set off what may be found against him and recover a balance due him. I put this case upon that ground; and go no further. The decree is affirmed,